IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDGAR RAY THOMAS

        Petitioner,

v.                                                                                               No. CV 17-00885 WJ/JMC

TIMOTHY HATCH, WARDEN,
and ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

        Respondents.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court under 28 U.S.C. § 636(b)(1) on the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 10) and on Petitioner Edgar Ray Thomas's Written Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 20). The Court overrules Movant's Objections and adopts the Magistrate Judge's Proposed Findings and Recommended Disposition.

**1. Factual and Procedural Background**

Petitioner Edgar Ray Thomas is a prisoner in the custody of the State of New Mexico. (Doc. 1 at 1). Thomas was charged in three separate New Mexico criminal proceedings with armed robbery, felon in possession of a firearm, and battery on a peace officer. (Doc. 8 at 2). On April 24, 2014, Thomas entered into a Plea and Disposition Agreement, pleading guilty to the charges and admitting to being an habitual offender. (Doc. 8-1 at 4-7). The Plea Agreement contained an agreed sentencing range, was signed by Petitioner Thomas as well as defense counsel, and was

approved by the court. (8-1 at 4, 7). Thomas was sentenced to a term of ten years, which was at the high end of the agreed sentencing range. (Doc. 8-1 at 1-3).

Thomas unsuccessfully sought reconsideration of the sentence, arguing that the court had not considered his mental instability at the time he committed the crime and had not heard from several witnesses. (Doc. 8-1 at 9-10, 23-27). Thomas then filed a state petition for writ of habeas corpus. (Doc. 8-1 at 11-22). In his state habeas corpus petition, Thomas argued his mental instability and ineffective assistance of counsel as grounds for setting aside the sentence. (Doc. 8-1 at 13). The state district court ruled that: (1) Petitioner Thomas had not shown conduct on the part of his counsel that was below the standard of reasonable, competent counsel, nor had he demonstrated that, but for counsel's error, there was a reasonable probability that the outcome of his criminal proceedings would have been different; and (2) that Petitioner had been forensically evaluated and found to be mentally competent at the time of the incident and had stipulated in his Plea Agreement that he was competent. (Doc. 8-1 at 24-26). The New Mexico Supreme Court denied certiorari on June 25, 2017. (Doc. 8-1 at 55).

Petitioner Thomas filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 on August 28, 2017. (Doc. 1). In his § 2254 Petition, Movant Thomas again raised the issues of mental competency and ineffective assistance of counsel. (Doc. 1 at 5,7). Warden Hatch and the Attorney General filed their Response to Petitioner's § 2254 Petition, with the state court record, on October 3, 2017. (Doc. 8). The Respondents argued that the state court decision was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. (Doc. 8-1 at 1)).

The case was referred to the Magistrate Judge for proposed findings and a recommended disposition under 28 U.S.C. § 636(b)(1). (Doc. 3). The Magistrate Judge entered the Proposed

Findings and Recommended Disposition on January 4, 2018. (Doc. 10) ("PFRD"). In the PFRD, the Magistrate Judge found that Petitioner Thomas had presented no evidence that he was incompetent at the time of the crime and had failed to show that he received ineffective assistance of counsel. (Doc. 10 at 7-14). The Magistrate Judge also concluded that the state court's determination comported with federal law, including the *Strickland v. Washington* standard for ineffective assistance of counsel. (Doc. 10 at 7-8). The Magistrate Judge recommended that the Petition be denied and the case be dismissed with prejudice. (Doc. 10 at 15). In the PFRD, the Magistrate Judge notified the parties of their right to file written objections within fourteen (14) days after service of the PFRD and advised that filing of written objections was necessary to preserve any issue for further appellate review of the PFRD. (Doc. 10 at 15).

Following an extension of time, Petitioner Thomas filed Written Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition on February 14, 2018. (Doc. 14). In his Objections, Thomas quoted extensively from the New Mexico Rules of Professional Conduct and argued that his defense counsel had failed to comply with those rules. (Doc. 14 at 2-6). Thomas also contended that the Magistrate Judge had misunderstood his arguments and committed error in applying the *Strickland* standard. (Doc. 14 at 1). Respondents Warden Hatch and Attorney General did not object to the PFRD.

## 2. Legal Standards Governing Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition

Under 28 U.S.C. § 636(b)(1)(C), the Court conducts a *de novo* review of any objections to the Magistrate Judge's PFRD. To resolve an objection to the PFRD, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party's

objections to the PFRD must be "both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection must be sufficient to focus the Court on the factual and legal issues actually in dispute. *Id.* at 1060. Issues raised for the first time in an objection to the PFRD are deemed waived. *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996).

The Court finds that Thomas's Objections were timely filed within the extension of the deadline granted by the Court. The Court also finds that Thomas's objections are sufficiently specific to preserve the factual and legal issues for *de novo* review by the Court.

### 3. *De Novo* Review of Petitioner's Objections

**A. Federal Court Habeas Corpus Review Under 28 U.S.C. § 2254.**

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers,* 548 U.S. ___, 138 S.Ct. 1188, 1191-92 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) *(per curiam).* The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case

5

determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable. *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

**B. Petitioner Fails to Demonstrate any Ineffective Assistance of Counsel Basis for § 2254 Relief:**

Thomas objects on the grounds that the Magistrate Judge misunderstood his arguments and committed error in applying the *Strickland* standard. (Doc. 14 at 1). In order to establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter,* 562 U.S. at 112.

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. *Miller v. Champion,* 262 F.3d 1066, 1072 (10th Cir. 2001). If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the

6

plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper,* 545 F.2d 457, 458 (5th Cir. 1977); *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004).

Both the state court judge and the Magistrate Judge concluded that Petitioner Thomas had failed to demonstrate that his defense counsel's performance was deficient or that any deficient performance had prejudiced his defense. (Doc. 8-1 at 25-26; Doc. 10 at 7-14). Further, Thomas does not contend that counsel's advice regarding the Plea Agreement was constitutionally deficient, nor does he claim that, but for inadequate assistance, he would not have pled guilty. Although Thomas argues that the outcome of the case would have been different if the Court had considered evidence from other witnesses, Petitioner does not identify who those witnesses were, what their testimony would have been, or how that testimony would have altered the state court's sentencing decision. *Harrington v. Richter,* 562 U.S. at 112. The Magistrate Judge properly concluded that the state court decision was not an unreasonable application of *Strickland* and that Thomas has failed to present any facts to support an ineffective assistance of counsel claim. *Williams*, 529 U.S. at 407–08.

Reviewing the record, *de novo*, this Court concludes that the state court's adjudication of the claim did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). The Court will overrule Petitioner's objection and deny habeas corpus relief on Petitioner's claim of ineffective assistance of counsel. *Cullen v. Pinholster*, 563 U.S. at 181.

**C. Petitioner Fails to Demonstrate Entitlement to Habeas Corpus Relief Based on Mental Incompetence:**

7

Thomas also objects to the Magistrate Judge's PFRD on the grounds that counsel and/or the state court failed to investigate his claims of incompetence at the time of the incident. (Doc. 14 at 6). In seeking habeas corpus relief under § 2254, a state court's finding of competence is presumed correct unless the petitioner rebuts that presumption by clear and convincing evidence. *Pittman v. Secretary, Florida Dept. of Corrections,* 871 F.3d 1231, 1244 (11th Cir. 2017). The federal court will not issue a writ of habeas corpus under § 2254 unless the state court's competency decision was based on an unreasonable determination of the facts in light of the evidence. *Bryson v. Ward,* 187 F.3d 1193, 1201 (10th Cir. 1999).

The state court record establishes that, during the state criminal proceedings, defense counsel sought and obtained a forensic evaluation of Petitioner's mental condition, based on Petitioner's claims that he was mentally incompetent at the time of the incident. (Doc. 8-1 at 29-30). Based on the results of the evaluation, the parties entered into a stipulated order finding Thomas competent to stand trial. (Doc. 8-1 at 28). In ruling on his state habeas corpus petition, the state court concluded that Thomas had knowingly stipulated that he was competent at the time of the incident, that his competency claims had been fully evaluated at the time, and that he had not established any prejudice as a result of an alleged failure to investigate his mental condition claims. (Doc. 8-1 at 25). The Magistrate Judge concluded that Thomas had failed to rebut, by clear and convincing evidence, the presumption that the state court correctly found him to be competent. (Doc. 10 at 13-14).

Conducting a *de novo* review, this Court also concludes that Petitioner Thomas has not shown, by clear and convincing evidence, that the state court's competency decision was an unreasonable determination. *Pittman v. Secretary, Florida Dept. of Corrections,* 871 F.3d at 1244. As with the ineffective assistance of counsel claim, the state court's adjudication of the claim did

not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). The Court will also overrule Petitioner's objection and deny habeas corpus relief on Petitioner's mental condition claim. *Cullen v. Pinholster*, 563 U.S. at 181; *Bryson v. Ward,* 187 F.3d at 1201.

### 4. Denial of a Certificate of Appealability

The Court overrules Thomas's objections and holds that Thomas is not eligible for habeas corpus relief under 28 U.S.C. § 2254. The Court also finds that Movant Thomas has failed to make a showing of denial of a substantial constitutional right and denies a Certificate of Appealability under Rule 11 of the Rules Governing Section 2254 Proceedings.

**IT IS ORDERED:**

(1) Petitioner's Written Objections to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 14) are **OVERRULED**;

(2) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 10) is **ADOPTED** as an Order of the Court;

(3) the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas by a Person in State Custody filed by Petitioner Edgar Ray Thomas (Doc. 1) is **DENIED** and Judgment will be entered dismissing the Petition with prejudice; and

(4) a Certificate of Appealability is **DENIED** under Rule 11(a) of the Rules Governing Section 2254 Proceedings.

_____
CHIEF UNITED STATES DISTRICT JUDGE